**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                                              (206) 370-8810

July 27, 2023

Andrew E. Moriarty                           Matthew J. Bean
Perkins Coie LLP                             Bean Law Group
1201 Third Avenue, Suite 4900                2200 Sixth Ave., Suite 500
Seattle, WA 98101                            Seattle, WA 98121

**Delivered Via CM/ECF**

    RE:    <u>Hernandez v. Amazon Web Services, Inc.</u>, C23-0610RSL
             Stipulated Protective Order

Counsel:

On July 26, 2023, the Court received your proposed "Stipulated Protective Order." Dkt. # 10.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, or undue burden or to protect confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. The order must also comply with the applicable federal and local procedural rules.

The proposed order is too broad and gives too much discretion to the parties to designate information as "confidential." The model protective order used in this District requires the parties to list specific documents or types of documents that will be subject to the order, such as "plaintiff's medical records." Sweeping categories, such as "sensitive business materials," do not provide sufficient information for the Court to determine

whether a protective order is appropriate and should be avoided. Not only does the proposed order list sweeping categories, it then purports to protect from public view information "that requires the protections provided in this Stipulation." The parties' description of "confidential" documents imposes virtually no limit on what documents could be covered. Because a protective order entered by the Court must clearly identify the class or type of documents subject to the order and the need for confidentiality, the Court declines to sign the proposed order.[1]

The stipulated protective order received by the Court will remain lodged in the file, but will not be entered.

Sincerely,

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] To the extent the proposed order would require a court reporter to make changes to a deposition or pretrial hearing transcript after the fact, it does not appear to be in keeping with the practice in this District, nor have the parties presented authority for such a procedure.